Good morning. May it please the court, my name is Peter Hurtado. I'm representing Mr. and Mrs. Conde. And the issue before the court from our perspective is whether substantial evidence supports the finding that the petitioners had not demonstrated a nexus to a protected ground. That is, the question is whether people who report, or the group, people who report the criminal activities of gangs to police should be a protected group, whether it's a viable group. But this, in contrast to the last case, this really would open floodgates because it's anybody who files a report with the police, right? Whether they actively cooperate or not, whether they're designated as protected witnesses or not, whether they have any direct reason to think that they were separated out for that reason. Correct. So, as was discussed in the previous case, in the previous case, we would be requesting effectively the extension of Enriquez to include, go beyond just court witnesses to say that anyone who filed a police report. You would be requesting an extension well beyond what was being requested in the case. You said correct. You said correct. Yes. Okay. That decision's been on the books since 2013. So, help me, give me a little history lesson. Why hasn't, has no published Ninth Circuit case come out since Enriquez extending past testifying witnesses? Sort of remarkable in six years. That's right. And we see it a lot in immigration court, which is not relevant today, but in this particular case, that's what would be required to grant this case, would be to extend Enriquez beyond, well beyond simply, I was listening to the previous case about witness protection and things like that. But having unpublished decisions explicitly decided not to go there, and you heard me mention one, you may know, I don't know if it's in your brief, Escobar-Pineda from 2018. It was a divided opinion, but the majority did say reporting being a complainant doesn't fit. Right. I'm not, I did not read that case, but I was listening. I found an unpublished case. Well, unpublished doesn't really help us. Doesn't, doesn't help us. I guess I'm just asking you the logic of those decisions because the Ninth Circuit's been clearly struggling with whether to extend it or not. In the logic of the unpublished decisions, do you, can you discern anything persuasive that you would offer to us as to why we should extend Ninth Circuit law? Yes. So it's very specific. This is not a general opposition to gangs. This is not a general, generally being pro-law and order. This is specific. Did you report, do you have a police report? What is the evidence, if any, in this record that in Guatemalan society, people who have filed a police report are recognized as a distinctive social group? Right. The 2014 report that's in the record doesn't specifically come out and say there is a group of people who have reported. There is a mention in the, about, in the sexual orientation context about a lack of trust, discouraged victims from filing complaints. Doesn't exactly say that there is a group of people who filed a police report. And there's no testimony about it either, as far as I could tell. In the other case, for example, there was specific evidence that people said, you know, you were cooperating with the police and, you know, that was a stupid thing to do and I don't have anything to do with you anymore. That's what the girlfriend said, essentially. Nothing like that is here. Right. In this, in this record we have police report, medical, and then police report and medical. So. And do we have any connection to actual later violence against him? Only that there was, there was violence once and then he reported it and he, I believe he testified that there was a connection between. He speculated that, but he said that he testified that only his family and friends were aware of it as far as he knew, but maybe they must have found out somehow. But that seems a far cry from establishing social distinctiveness. Well, I would argue that the fact that the BIA 2017 decision here is so limited in scope, it's only about the social group. It doesn't go into why, whether a lot of time has gone by or whether there was a connection between the two incidents. It's simply your proposed group is not. Right. And if that, but that's a sufficient ground for decision if it's correct, is it not? Correct. If you said, if you said, you know, my social group is people with, you know, red hair and freckles, you know, that, that, and they may say, well, that that doesn't count. And isn't that enough? Do they have to then go on to say, well, is that really why somebody, you know, beat you up? Absolutely. So you are correct. So we see this where judges and the board will make decisions on a number of issues. And here they stopped with one. Here they stop with one. So if they're right about that one, we deny the petition. If they're wrong about that, we would send it back. You could send it back and say, you need to extend Enriquez beyond this. And this, you could either say, we want you to consider. But it's all about whether this record supports or requires a conclusion that there's a social group of the kind that you're asking us to recognize. That's right. So the question is, does it comply with the attorney general when they are saying in matter of AB that it cannot be defined, has to exist independently of the harm? Does it require, does it comply with the attorney general under LEA where it's immutable, particular and socially distinct? Socially distinct is the big problem personally that I'm having because it's definable, you know, people who filed police reports. But what I don't see, just speaking for myself, is evidence in this record that that's a socially distinct group that's recognized in Guatemala as a social group. That's right. That is the big issue in my opinion as well, whether society will perceive this group. Now we've seen other groups that the court has found, has been recognized by society, certain families, sexual orientation, former status or occupation. So it would just be frankly a matter of the court taking that next step and saying that this is a group that we believe society recognizes. Yes, but based on what? There has to be evidence, doesn't there, that would permit, if not require. I mean, our standard of review is that we would have to find the record would require us to determine that that was an error, that there is social distinctiveness. And, you know, we can't just say, well, it seems a lot like those other things and so we want to do it. So I guess I'm just struggling with what evidence in this record would compel us to reach that. We're limited. We're limited to a police report that... Well, we know he filed one. Right. But that doesn't speak to how the Guatemalans, you know, either know about or respond to people who have filed police reports. Right. So we would argue that other things that you've said, things like former association or former occupation, things like family, these are things that people don't just know by walking down the street. These are things that... No one's claiming that it's walking down the street. We understand that that's kind. We're not talking about walking down the street. The question is whether there is any... First of all, is this a fact question or a legal question or both? I think it's a pure legal question. The facts seem very subtle. But there needs to be facts from which one can make the legal conclusion. Right. And it seems like it's what we call a mixed question of law and fact. Right. Essentially. Because it does seem important to know whether there is a protected group and how they're defined and so on. So what is in the record here to suggest that people who simply report to the police in Guatemala are considered a distinct social group? The only thing I can point to is the country report where it talks about discouraging victims from filing complaints in the sexual orientation section. But this wasn't a sexual orientation case. Correct. Correct. But... And discouragement doesn't mean that there's general recognition that this is a group. You can discourage people from drinking Pepsi or something, but it doesn't make them a social group. Right. And in this case, we're asking for a leap. And this is when a country report discusses victims who may or may not file complaints, that gives us an argument that there is a group of people out there who have filed complaints. But you have arguments. But the question is why we should accept them. And I mean, there is obviously a huge slippery slope here. The whole concept is somewhat amorphous. And you... I mean, I just... Again, to talk about the last case, I mean, they want us to go this far and you want us to go that far. And we need... But... And without a record. Right. I can't point to anything specific in the record that would say that there's a society would... In this record that would say that society recognizes this group. What I can say is that there are two police reports filed. I don't... I'm not aware that police reports are public or not. If that's something that would make this... Well, they're probably not. Since ordinarily they're not. I mean, it would be a strange thing if they were. Right. Well, certainly in this country, one can order a police report. You don't have to be a party to it. And it's certainly out there that these police reports exist. So I don't know if it's the same in Guatemala. I can't speak to that. However, that would be what I would point to as evidence that society would recognize it. You have an agency, a government there that has published something or has a report. But you don't have anything in the record that says that people who are... Who report to the police, even aside from the distinct social group that they're likely to be the subject of gang violence. Do you have that? No. Again, I would only point to the Human Rights 2014 that talks about institutional corruption, particularly with the police. Things like that would say that there are groups of people who suffer from... Who would be victim to those things. But no, I don't have anything in the record that would say that there is a group... Well, there is something that says there were critical reports of killing of witnesses and unknown assailants shot someone to death. She was the sole survivor and a witness of a massacre. She asked for protection but didn't get it. So there's something. There's something. But again, it's different than the previous case, not to cite the previous case where they had a witness protection program and people who were testifying and things like that. This case is just two reports where people would go and say, I filed a police report. We've seen this in a totally unrelated context here with the U Non-Immigrant Status Program where in order to get immigration status one would have to show that you filed a police report, you were the victim, you were a victim. That program is designed to help promote cooperation with the police. So in terms of opening a floodgate, the court mentioned that in the previous case and also here. Certainly finding that the group of people who have reported gang violence certainly does promote a certain rule of law. It would be good public policy. I don't know if that's... I couldn't find a case that said that that was relevant at all. And I don't know that the court should be concerned with necessarily promoting public policy or rule of law in Guatemala, but certainly that would... Public policy is not our job. Thank you. I'm going to reserve the rest of my time for rebuttal. You may do that. We'll hear from the government. May it please the Court, Your Honors. Tim Remitz on behalf of the United States Attorney General. As the panel recognized, there's just no evidence in this case to make a social distinction finding. And that really is the end of this case. Because as case law states, this is an evidence-specific inquiry for the society in question as we talked about. Because it's evidence-specific doesn't mean that it's reviewable on a factual basis. It is a factual determination reviewed under substantial evidence. So if there are five cases in Guatemala and the facts are exactly the same, they can come out differently depending on which way the IJ rules, for example. On what evidence they submit. What always helps me when I'm listening to the government is you tell us what evidence would be sufficient to make someone who reports gang violence sufficiently socially distinctive. When would you agree that the reporting of that? Well, so for example, in Enrique's Rivas, which is the case that all these petitions are striving to fit their cases within, they had evidence they submitted to the immigration court in that case about the witness protection program. They said that was the most significant evidence showing that those people were singled out and protected by Salvadoran society. There was evidence, paper evidence. In this case, we have nothing. True. And it does seem, we did remand for you to look into this. I assumed it was a remand for, again, I just assumed it was to try to draw a circle around Enrique's Rivas. Intervening precedent, Enrique's Rivas, MEVG, and WGR refined this process. I have two questions though because of that. I mean, I appreciate the answer you just gave. If there is paper evidence, and here it doesn't seem like there is, but that could come in the form of country reports. It could come in the form of an official document in the case that a person was a protected reporting witness. Also, for example, in the last argument we just went through, we talked about the evidence quite a bit. What did it show? Did it show that society recognized this group and set them apart? Did the witness protection laws protect that individual or not? In order to have indications that this group was set aside, we had to look at the evidence and here there is nothing. There is no evidence, so we can't say that the If we were to rule that this fellow and his wife, if they were within a cognizable group, would that create a split with any other circuit? I believe if any case, any circuit that has deferred to matter of MEVG or matter of WGR, which other courts have, I just can't name them right now. I'm talking about had to have granted deference like this court has granted deference to those decisions, have agreed it's a society-specific evidence or a specific inquiry. So you have to have evidence. But one of our cases says quite distinctly in another one that it's a legal conclusion. In the end, it has to be. Is this the case, the petitioner side, the unpublished case? No, I'm talking about Peer or whatever it's called. Pereerbach. Yes. Pereerbach also specifically states it's an evidence-based inquiry, though, as well. Okay, but it's a legal... I mean, is this... At best, it could be a mixed question of law and facts. And therefore, reviewable as a legal question in the end, as long as there's... I mean, this often happens. There are factual predicates under it, but... That's correct. I mean, I noticed that the BIA in this instance reviewed the IJ for clear error, treating the whole thing as a fact question. That doesn't seem right. I think that is correct under the Court's precedent, Gray-Riggs. Well, I just told you that Pereerbach says that it's a legal question. Well, then the panel would have to address how to reconcile these two cases, Pereerbach and Gray-Riggs, because Gray-Riggs specifically states that you're going to review this question for substantial evidence, whether or not there's evidence showing society-specific information. It's a little murky, because it doesn't... In the end, it doesn't make sense that these definitional questions, once you have the underlying facts... In other words, you have to have a set of facts. Once you have those facts, whether that adds up to a particular social group or not has to be a legal question. I think it has to be an evidentiary question, because looking at how... An evidentiary question is a different question from whether it's reviewable as a legal question. Yes, there has to be evidence, right? And the evidence can be conflicting, and if there's conflicting evidence, then you review for clear error the determinations as to what the evidence is. But once you have settled what the evidence is... I think the last case was a great example of why it is an evidentiary question that leads to the substantial review, because reasonable minds could differ over what that evidence says society recognizes. So in a sense, the statement that there is no evidence is a factual finding about the record. So when they say there is no evidence of an essential element, then the conclusion is a legal conclusion that the proposed social group is not viable. That's kind of how they state it. But if they're wrong about there is no evidence, that's factual in nature. If there are five reports and they've said there's no evidence, that's the factual piece. And then the conclusion, whether it's viable or not viable, follows from that. Yes, because there's also particularity. You have two different prongs of this test that meet together to define a particular social group, which would be the question of law. In the prior case, there actually wasn't any factual conflict, as I understand it. I mean, it's a good example. There were a lot of facts. There weren't really a dispute. And then the question is, does that add up? Well, I think the government strongly disputed how those facts were viewed. We disputed how those laws did not clearly protect petitioner. They were trying to fit themselves within the witness protection program, and there was no— It's an interpretive question. It's an interpretive question based on the evidence. The report is what it is, is it? Yes. When you say cognizability has two elements, it's really got three—immutability, particularity, and distinctiveness, right? That's correct, and the board did not reach immutability in this case. Okay. And it seems to me you can easily be particularized if you call the police, so it really does come down to the distinctiveness. At least in this case, it does. The board only talked about social distinction, and that's what the remand was for. Am I oversimplifying when I focus on distinctiveness to say, well, people that call, that's pretty secret. No one knows if you call 911, or very few. People that testify in court, in recase, that's really visible. You take the stand, and you're under oath. So the nebulous middle are the cooperators. Correct. Is that a fair spectrum? That is a fair spectrum, and I think—I don't want to keep delivering the last case, but the last case had much more going on in that case legally. And so in the last case, we had an anonymous police report, and that's why when they were trying to fit their case within— Your argument as to this case is there's none of that. He's squarely— Yeah, we're not arguing particularity in this case, but that would be an issue. There is discrete class in Henricus Rivas on the record, as the court stated, and if you have an anonymous police report, you can't really say who's in that group because it's anonymous. Now, let's not argue the last case. It's confusing enough to argue one at a time. That's okay. So your simple position on this case is there's no evidence. Social distinction. No evidence, and the court has required evidence of social distinction. Okay. Got it. So essentially, one of the elements is missing. End of story. Yes. Correct. One last thing is that in terms of this question of why we don't have any case law, reported case law, I guess one question is should—if we agree with you in this case, should we have a published opinion so we can at least get this over with? About what would—I guess what's the question specifically about? Recognizing this particular group? Well, no. I mean, should—we have had other—apparently in unpublished opinions, we have come to the conclusion that you're arguing for here. On the other hand, if you're arguing that it's all completely fact-specific, then we should just decide these all memorandum dispositions and never have a published opinion because it's always going to depend on the record. On the record and the country. I mean, what's socially distinct in Guatemala may not be the same as, you know, Russia or somewhere else. Correct. And that is why Henriquez-Rivas is not the shoe everyone can fit into. I'm asking you whether we should have a published opinion on this subject or in this case. I think it's always helpful to have published opinions because that helps us—guide us to know what we can and cannot argue, but I can't persuade the court one way or another in that regard. But if the conclusion is only that there's no evidence, that's not a whole lot of help. Correct. It's going to be evidentiary evidence. But that's why you're arguing is that there's no evidence. In this case, there's no evidence, so— And that's what the BIA said, too. And this would be a very fact-specific case here. There's just nothing. Unless the panel has further questions? I don't believe that we do. Thank you. Mr. Hurtado, you have some rebuttal time remaining. Thank you. Just to follow up on what was just stated, again, to extend Enriquez beyond some court witnesses all the way to people who have filed police reports would be appropriate in the are, we would argue, are socially distinct. This is discoverable within society that this has happened. This does put people at risk. And that puts them in a group, a protected group, much like some of the other protected groups that have been decided by— The one thing you haven't noted is that—my understanding is you're not talking about anybody who files a police report. You're only talking about people who file police reports against gangs. That's right. And this one, it is true that all of the reports here, even though your client was kind of vague about how he knew there were gangs, the reports all say that there were gangs. Correct. So this would be specific about gangs. And that's why I mentioned before public policy, although this is not a policy question, certainly this promotes— Well, it also narrows the group somewhat because it means they have to report that it was a gang rather than just report and it turns out to be a gang. Correct. And we can see all kinds of potential extensions with domestic violence and other types of violence, but this specific case is about gangs. Thank you. Thank you. The case just argued is submitted and we appreciate the arguments from both of you.
judges: Graber, Berzon, Higginson